[No. 5490.]

[No. 3160 C. A.]

GARBARINO v. HOWARD ET AL.

1.  **Partnership—Style of Name—Presumption.**

No presumption of partnership attaches from the use of the name, "Boulder Loan Company," for the name implies a corporation.—P. 532.

2.  **Partnership—Existence—Evidence—Sufficiency.**

In an action against defendant on a check signed by another as the alleged manager of the firm of which defendant is claimed to be a member, evidence reviewed and held insufficient to warrant an inference that there was any such firm, or that defendant was a member thereof.—P. 532.

3.  **Partnership—Estoppel.**

Where defendant was sued on a check executed by the manager of an alleged firm, defendant was not liable on the theory of estoppel, although no such firm in fact existed, without proof that his conduct was such as to estop him from denying the existence of a partnership, or that he was a member thereof. —P. 533.

*Appeal from the District Court of Boulder County.
Hon. James E. Garrigues, Judge.*

Action by Louis Garbarino against F. S. Howard

and The Boulder Loan Company.    From a judgment
for defendants, plaintiff appeals.    *Affirmed.*

Mr. W. P. COLLINS, for appellant.

Mr. NORTON MONTGOMERY, for appellees.

CHIEF JUSTICE STEELE delivered the opinion of
the court:

By the action it was sought to recover of the
defendant, F. S. Howard, the sum of one hundred
and fifty dollars and interest upon a check in the
following words:

"Boulder, Colo., Oct. 31, 1903.    No.....

"THE BOULDER NATIONAL BANK.

"Pay to the order of George C. Hall $150, one
hundred fifty and 00-100 dollars.

"GEORGE C. HALL,

"Manager."

which the plaintiff had cashed at the request of Hall,
and which the bank refused to pay because the
account on which the check was drawn was short.
At the close of plaintiff's testimony, the jury, by
direction of the court, returned a verdict in favor of
the defendants.    Judgment having been entered in
favor of the defendant, F. S. Howard, and for his
costs, the plaintiff appealed to the court of appeals.
Several defendants are joined in the complaint, but
the controversy arises over the liability of the defend-
ant, F. S. Howard.    In the complaint it is alleged
that Howard was a member of a partnership known
as The Boulder Loan Company; and upon the theory
that Howard was a member of such firm, and that
Hall was duly authorized by the firm to sign checks,
as the one offered in evidence was signed, payable
out of the funds of the partnership, the plaintiff
sought a judgment against Howard.

The judgment must be affirmed. There is no evidence showing that Howard was a member of the firm. The assistant cashier of the bank testified that the balance to the credit of The Boulder Loan Company was drawn from the bank by a check signed "The Boulder Loan Company, by F. S. Howard." Another witness testified that he had borrowed money of the loan company through Hall and gave his watch as security. Desiring to redeem the watch, he inquired of Howard where Hall was, and stated that Hall had his watch and he wanted to redeem it. Howard informed him that he had the watch, and the witness thereupon redeemed it by paying the amount of the loan to Howard. No other circumstance is shown in the abstract of testimony upon which to base a finding that Howard was connected as a partner with the loan company. It was not shown that The Boulder Loan Company was a partnership. No presumption of a partnership attaches from the use of the name, for the name implies that the company is a corporation. It was not shown that the plaintiff acted upon any representation that he was dealing with a partnership, and he does not contend that he cashed the check relying upon any statement or representation of Howard that he was a member of the alleged firm. The check itself does not mention the name of the company, and it was not shown that the plaintiff, when he cashed the check, knew that there was such a concern as The Boulder Loan Company. True, he states that he several times cashed checks signed, George M. Hall, manager, as the check in suit was signed, but nowhere does it appear that he acted with knowledge that the checks were paid from the funds of the company, nor does it appear that he acted under the belief that Howard was a member of the firm, nor is there the slightest evidence in the

case to show that Howard in any way, by representation or holding out, or use of the firm name, or declaration, or admission, induced him to part with his money believing that he was responsible for the act of Hall or of The Boulder Loan Company, or that he was interested as a partner or otherwise in the company. To hold Howard upon this instrument, not being signed by him or by a firm of which he is a member, there must be something shown upon which the doctrine of estoppel can rest, and we can find nothing in the record upon which to base the action. It is not shown that he was a member of the firm; that he ever held himself out as being a member of the firm; that he ever declared that he was a member of the firm; that he ever admitted that he was such member, or that he ever had dealings with the plaintiff wherein he acted for the firm. Nor was there anything shown upon which the jury would have the right to base a verdict that Howard was a member of the firm and liable upon the instrument upon which this action is based. The fact that he signed the name of the company neither proves that the concern was a partnership nor that he was a member of it. He may have been a mere employee and as such authorized to sign the company's name. The fact that he was in the possession of the watch that was pledged, and accepted the money with which to redeem it, is no proof that he was a member of the firm and as such liable on a check signed as the one admitted in evidence was signed, nor do both the facts, taken together, make a case which should be submitted to a jury. Howard could be held upon the instrument even though no firm in fact existed, but in order to hold him he must have done something by which he is estopped to assert that no such firm existed. There being no proof that any firm of which Howard was a member existed, or proof that

Howard's conduct was such that he should be estopped from asserting that no such a partnership existed or that he was not a member of it, we must affirm the judgment.                           *Affirmed.*

Mr. JUSTICE BAILEY and Mr. JUSTICE HELM concur.